61   263|
163s 518|

## Maggie Sheffer v. Charles L. Willoughby et al.

1.   RESTAURANT—*Is not an Inn.*—A restaurant is not subject to the
rule of law which make innkeepers responsible for losses and injuries
sustained by their guests.

**Trespass on the Case.**—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 12, 1895.

EDWIN F. ABBOTT, attorney for appellant.

DUNCAN & GILBERT, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The evidence in this case is sufficient to make it a question for the jury whether the appellant was made sick by eating an oyster stew at the restaurant of the appellees, but not sufficient to warrant a charge of negligence in fact by the appellees, either in selecting the oysters, or in the manner of preparing the stew.

The court peremptorily instructed the jury to find for the defendants—the appellees—the suit being an action on the case by the appellant.

The appellant claims that the appellees, keeping a restaurant, are subject to the rule of law which makes innkeepers responsible for losses and injuries sustained by their guests. No authority is cited for that position. If it be well taken, it would logically be necessary to extend the rule to an apple woman at the end of a bridge keeping nuts and candy with her other stock, or an Italian vending popcorn from a cart at a street corner.

Lord Ellenborough held in Doe d. Pitt v. Laming, 4 Camp. 73, that a London coffee-house was not an inn; and coffee-house and restaurant are two names for the same thing. That case is cited as authority in 1 Addison on Torts, Sec. 683.

The distinction seems to be between those who do and those who do not furnish "every accommodation to all persons for a night or longer." Abbott, C. J., in Thompson v. Lacy, 3 Barn. & Al. 283; 5 E. C. L. 169; which distinction gives rise to a variety of reflexions.

The foundation of the case of the appellant failing, the judgment is affirmed.